U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 09 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**NICHOLAS M. DORE,**                                                                    **PLAINTIFFS**

v.                                    CASE NO. 14-3069 JLH

**DANIEL SUTTERFIELD, BOTH PERSONALLY**                             **DEFENDANTS**
**AND IN HIS OFFICIAL CAPACITY**
**AS POLICE CHIEF FOR THE**
**BULL SHOALS POLICE DEPARTMENT,**
**and DAVID CHATMAN, BOTH PERSONALLY**
**AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER**
**FOR THE BULL SHOALS POLICE DEPARTMENT**

**and THE CITY OF BULL SHOALS, ARKANSAS**

### COMPLAINT

COMES NOW the Plaintiff, Nicholas Dore, by and through his attorneys, Benamin Gibson, and for his complaint against Daniel Sutterfield, personally and in his official capacity as police chief for the Bull Shoals Police Department, David Chatman, personally and in his official capacity as a police officer for the Bull Shoals Police Department and the City of Bull Shoals, Arkansas, does allege, aver, and state:

1. This is a civil rights action for compensation and punitive damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the Constitution of the State of Arkansas, the Arkansas Civil Rights Act of 1993 codified at Ark. Code Ann. § 16-123-101 *et. seq.*, under the common law of the State of Arkansas, and against all of the above named parties.

## PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff, Nicholas Dore is a resident of Bull Shoals, Marion County, Arkansas. Mr. Dore is a Disabled Veteran of the United States Navy.

3. The City of Bull Shoals is a City of the second class operating pursuant to its charter and the laws of the State of Arkansas.

4. Defendant Daniel Sutterfield is an individual who, upon information and belief, resides in Arkansas. At all times relevant herein, Mr. Sutterfield was employed as police chief with the City of Bull Shoals Police Department, and acted under the color of the aforementioned state legal authority, as well as in his own individual capacity.

5. Defendant David Chatman is an individual who, upon information and belief, resides in Arkansas. At all times relevant herein, Mr. Chatman was employed as a police officer with the City of Bull Shoals Police Department, and acted under the color of the aforementioned state legal authority, as well as in his own individual capacity.

6. This Court has jurisdiction over the parties to this action and the subject matter of this action pursuant to 28 U.S.C. § 1331 as Plaintiff's Complaint alleges the deprivation of individual rights and privileges which are codified at 42 U.S.C. § 1983 *et seq.* Supplemental jurisdiction for state laws claims is authorized under 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. On the afternoon of July 9, 2013, Plaintiff Nicholas Dore was in his home when officers attempted to contact him regarding a report of misdemeanor domestic abuse.

8. Defendant Sutterfield, Defendant Chatman, along with another officer, forced entry into the Plaintiff's home and began to attempt to force him to the ground, by use of stun guns and physical force.

9. Once the Plaintiff was handcuffed and detained, the Defendants began to kick the Plaintiff repeatedly and struck him in the head with his police shotgun repeatedly, despite the fact that the Plaintiff was offering no resistance and lay compliant on the ground with his hands bound behind his back.

10. Defendant Sutterfield then instructed the Plaintiff to stand up, to which the Plaintiff stated that he could not due to the beating he had received, then Defendant Sutterfield began to use his taser to repeatedly stun the Plaintiff, again the Plaintiff was compliant lying face down with his hands bound behind his back.

11. Once the Plaintiff was on his feet, Defendant Sutterfield began to throw the Plaintiff into a fireplace and adjoining walls; again while the Plaintiff had his hands bound behind his back and was being compliant.

12. Defendant Chatman took no steps to protect the Plaintiff from the excessive force used by Defendant Sutterfield's use of excessive force, despite being in a position and having a duty to do so.

13. Subsequent to the arrest of the Plaintiff, Defendant Chatman, under the direction of Defendant Sutterfield prepared a false and misleading incident report to cover up the excessive force used and to make false allegations against the Plaintiff.

14. Each of the Defendants actions and inactions were deliberately indifferent to the Plaintiff's state and federally protected rights.

15. The force used by Defendant Sutterfield, under color of his office under law, against

the Plaintiff was objectively unreasonable and excessive.

16. Additionally, Defendant Sutterfield and Defendant Chatman's conduct towards the Plaintiff was the result of the policy, practice, and custom of the Bull Shoals Police Department, acting by and through Defendant Sutterfield, in his official capacity, to inadequately supervise, train, correct, and discipline his police officer employees who enact and conduct arrest with excessive force on Arkansas citizens they encounter while working for the Bull Shoals Police Department. Thus, as a matter of established policy, police officers are left completely free to victimize citizens without fear of termination, supervision, or correction.

17. Going over and above being deliberately indifferent to the violations of constitutional and state rights of the Plaintiff, the City of Bull Shoals ratified Defendant Sutterfield's violation of rights when the Mayor of Bull Shoals, Bruce Powell, agreed to allow Defendant Sutterfield to be under his supervision on bond for the federal criminal charges relating the above incident and immediately put Defendant Sutterfield back into his position as Bull Shoals Police Chief, where he was allowed to continue to carry out the brutal policies of the Bull Shoals Police Department. Only after consultation with the Arkansas Municipal League did the City of Bull Shoals decide to suspend Defendant Sutterfield.

## CLAIM FOR RELIEF

18. The action of Defendant Sutterfield was objectively unreasonable and constituted the use of excessive force in violation of the Fourth Amendment to the United States Constitution.. The use of excessive force upon the Plaintiff was unreasonable and without justification.

19. The conduct of Defendant Sutterfield and Defenant Chatman as described above deprived the Plaintiff of his right against unreasonable searches and seizure as guaranteed under the Fourth Amendment to the United States Constitution, of the Plaintiff's right not to be

subjected to any cruel or unusual punishment as secured to the Plaintiff under the Eighth Amendment to the United States Constitution, and of the Plaintiff's right not to be deprived of life, liberty, or property without the due process of law and to be accorded the equal protection of the laws as guaranteed to the Plainiff under the Fourteenth Amendment to the United States Constitution.

20. Defendants accomplished this violation through their power as law enforcement agents for the City of Bull Shoals while acting under the color of law as employees and police chief and police officer of the City of Bull Shoals and the State of Arkansas, constituting a deprivation of the Plaintiff's rights and privileges secured by the Constitution and laws of the United States as defined by 42 U.S.C. § 1983. Those rights include, but are not limited to, Decedent's Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the Constitution of the State of Arkansas, The Arkansas Civil Rights Act of 1993 codified at ARK. CODE ANN. § 16-123-101 *et. seq.*, and under the common law of the State of Arkansas.

21. The City of Bull Shoals, through its elected and appointed agents, neglected their duty as policy makers of the municipality and, as a result, this behavior was allowed to happen under the color of state law.

22. Employees and agents of the City of Bull Shoals were authorized to create policies and procedures at the Bull Shoals Police Department and were responsible for ensuring that its officers did not violate the constitutional rights of citizens. By training, or not training, its police officers in the correct way to facilitate an arrest and leaving the final policy decision making of the Bull Shoals Police Department to Defendant Sutterfield, the City of Bull Shoals, Arkansas exposed itself to liability for any unconstitutional actions taken pursuant to that authority.

23. The above described policies and customs (and lack thereof) demonstrated a reckless, deliberate indifference on the part of policy makers of the City of Bull Shoals to the constitutional rights of persons within the City of Bull Shoals, and were the proximate cause of the violations of Plaintiff's rights and the damages sustained as alleged herein.

24. The Defendants' conduct was not only unreasonable, it may fairly be said to shock the contemporary conscience.

25. The Defendants' conduct constituted intentional acts that produced constitutional injury and that were an arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice.

26. The action and/or failure to act by the City of Bull Shoals, Arkansas violated and deprived the Plaintiff of his rights and privileges secured by the Constitution and laws of the United States as defined by 42 U.S.C. § 1983.

27. The City of Bull Shoals and other officers of the Bull Shoals Police Department were aware of similar instances of Defendant Sutterfield using excessive force or having to be restrained from using excessive force, however no corrective action was taken.

28. As set out hereinabove, Defendant Sutterfield and Defendant Chatman, acting under color of their office under law, used objectively unreasonable and excessive force against Plaintiff. Defendants violated local, state, and generally accepted law enforcement standards, when excessive force was used and not stopped. Defendant Sutterfield, through the Bull Shoals Police Department, failed to act in compliance with Bull Shoals Police Departments existing policies, and violated nationally known standards for police officers. The City of Bull Shoals and Defendant Sutterfield failed to properly train and supervise Bull Shoals Police officers and supervisors. When violations of policies occurred, no actions were taken. When such violations

occur and are reported to supervisors, with no corrective or disciplinary action taken, the misconduct is constructively approved. When supervisors constructively approve of existing policy violations, the action serves to override existing policy and establish new policy, based on approved pattern and practice. The primary contributory causes of injury to Plaintiff were the combined misconduct of Defendant Sutterfield, Defendant Chatman, and Defendant City of Bull Shoals Arkansas.

29. As a direct and proximate result of the actions of Defendants, the Plaintiff suffered physical pain and suffering, and emotional distress. Plaintiff should be compensated for any damages proximately caused by Defendants.

30. As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount not yet determined, but which exceeds $100,000.00.

31. Further, the conduct of the Defendants constitutes willful and wanton action designed solely to harm the Decedent thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1983 and state law. The Defendants acted with malice or engaged in conduct from which malice can be inferred.

32. Plaintiff is entitled to his costs of litigation, as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT

33. Paragraphs 1-32 are incorporated herein.

34. The Constitution of the State of Arkansas guarantees the equality of all persons before the law (Art. 2, § 3), protects against deprivation of liberty without due process of law (Art. 2, § 8), protects against cruel or unusual punishments (Art. 2, § 9), protects against punishment without trial (Art. 2, § 10) and protects against unreasonable searches and seizures

(Art. 2, § 15). The Constitution of the State of Arkansas guarantees that no person shall be imprisoned or otherwise deprived of life, liberty or property except by judgment by her peers or operation of law (Art. 2, § 21), and that all of the aforementioned rights shall remain inviolate to any other laws or actions of the government (Art. 2, § 29).

35. The actions of Defendants, while acting under the color of law of the City of Bull Shoals and the State of Arkansas, constituted a deprivation of Decedent's rights and privileges as secured by the constitution of the State of Arkansas and as defined by ARK. CODE ANN. § 16-123-105.

36. Upon information and belief, the City of Bull Shoals, Arkansas failed to implement or enforce any policy or procedure to prohibit this type of conduct and recklessly failed to adequately supervise the Defendants, and were deliberately indifferent to the constitutional violations by it Police Department and police chief.

37. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered physical pain and suffering, and emotional distress and should be compensated for any damages proximately caused by Defendants.

38. As a proximate result of the actions of the Defendants, Plaintiff, has been damaged in an amount not yet determined, but which exceeds $75,000.00.

39. Further, the conduct of the Defendants constitutes willful and wanton action designed solely to harm the Decedent thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 1983 and state law. The Defendants acted with malice or engaged in conduct from which malice can be inferred.

40. Plaintiff is entitled to his costs of litigation, as well as attorneys' fees pursuant to ARK. CODE ANN. § 16-123-105.

## VIOLATIONS OF ARKANSAS COMMON LAW

41. Paragraph 1-40 are incorporated herein.

42. Defendant Sutterfield in the scope of his employment intended to inflict emotional distress or should have known that emotional distress was a likely cause of their extreme and outrageous conduct which was beyond all possible bounds of decency and intolerable in a civilized society, and such actions were the direct cause of distress caused to the Plaintiff, which was of a severity that no one should be expected to endure it. The City of Bull Shoals should also be held liable for this action under the theory of *respondeant superior.*

43. Defendant Sutterfield did unlawfully and intentionally assault the Plaintiff in the scope of his duties as Chief of the Bull Shoals Police Department, by intentionally causing unwanted contact with the Plaintiff and causing him injury. The City of Bull Shoals should also be held liable for this action under the theory of *respondeant superior.*

## JURY TRIAL DEMANDED

44. The Plaintiff hereby demands a jury trial on all factual issues.

WHEREFORE, the Plaintiff, Nicholas M. Dore, prays that he have and recover judgment from the Defendants for all compensatory, consequential, and incidental damages complained herein, in an amount in excess of the minimum amount for federal court diversity jurisdiction, for punitive damages as described herein above, for his costs and reasonable attorneys' fees, and for all other relief to which he may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,

NICHOLAS M. DORE

BY _____
Benjamin A. Gibson, Attorney at Law
PO Box 177
Yellville, AR 72687
870-449-4999
Arkansas Bar ID 2009155
benjamingibson@live.com
Fax 870-449-1500

## CERTIFICATE OF SERVICE

I, the undersigned, state upon oath that I have caused a true and correct copy of the above and Complaint to be served according to law on the defendants by means of service of process on this 9th day of July, 2014.

_____
Benjamin Gibson