IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**NICHOLAS M. DORE**                                    **PLAINTIFF**

V.                      **CASE NO. 3:14-3069-TLB**

**DANIEL SUTTERFIELD, BOTH PERSONALLY
AND IN HIS OFFICIAL CAPACITY
AS POLICE CHIEF FOR THE
BULL SHOALS POLICE DEPARTMENT,
And DAVID CHATMAN, BOTH PERSONALLY
AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER
FOR THE BULL SHOALS POLICE DEPARTMENT
And THE CITY OF BULL SHOALS, ARKANSAS**          **DEFENDANTS**

<u>STATEMENT OF UNDISPUTED MATERIAL FACT IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT BY DAVID CHATMAN</u>

Comes now Separate Defendant David Chatman, in his individual capacity, by and through his attorney, Paul Charton of the Catlett Law Firm, PLC, and for his Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment on the basis of Qualified Immunity states:

1. Pursuant to Federal Rule of Procedure 10(c), I hereby incorporate by reference the Statement of Undisputed Material Facts submitted by The City of Bull Shoals in support of its Motion for Summary Judgment, Docket No. 30.

2. Before Mr. Dore was arrested on July 9, 2013, he had been drinking enough to impair his memory of the arrest. Exhibit 1, Excerpts of Deposition of Nicholas Dore, 11:8-15, 45:10-15.

3. Mr. Dore and Mr. Chatman estimated the whole episode, from breach of the door to exiting the home, took approximately five minutes. Exhibit 1, 56:15-18. Exhibit 2, Excerpts of the Deposition of David Chatman, 108:22-25, 109:1-3.

4. Mr. Dore admits that nobody knows how he, Sutterfield, and Chatman actually ended up falling into the fireplace. Exhibit 1, 48:4-6.

5. Although his memory is sketchy about the events of the arrest, Dore testified that Chatman was sitting or kneeling on Dore. Exhibit 1, 48:20-22. When asked as a follow up question, "Anything else that you can remember that [Chatman] did?" Dore answered "No." Exhibit 1, 48:25, 49:1.

6. Chatman testified that he straddled Mr. Dore near his legs, that Sutterfield was at Dore's head area, and another officer, Brian Williams, was standing between Chatman and Sutterfield at the time of the shotgun butt strike to Mr. Dore. Exhibit 2, 14:1-9, 19:1-4.

7. As soon as Mr. Dore is stood up, Brian Williams walked outside. Exhibit 2, 14:10-12.

8. At the time Sutterfield allegedly threw Dore into a wall, Chatman was not nearby, he was at the front door handing the shotgun outside to Williams. Exhibit 2, 15:17-22.

9. After Chatman saw Sutterfield shove Dore into a wall, he testified that he then shoved both Sutterfield and Door out the front door. Exhibit 2, 108:22-25.

WHEREFORE, David Chatman, by and through his attorney, respectfully prays that the Court grant his Motion for Summary Judgment on the basis of Qualified Immunity, dismiss with prejudice all claims against him, and for all other just and proper relief which he is due.

                                          Respectfully submitted,
                                          **David Chatman**

BY:    /s/Paul G. Charton_____
           PAUL G. CHARTON (2002076)
           Catlett Law Firm, PLC
           323 Center Street, Ste. 1800
           Little Rock, AR 72201-2607
           TELEPHONE: 501-725-8472
           FACSIMILE:   501-372-5566
           EMAIL: pcharton@catlaw.com

## CERTIFICATE OF SERVICE

I, Paul G. Charton, hereby certify that on this 23rd day of September, 2015, I sent electronically via email to all CM/ECF participating counsel of record listed below:

Benjamin Gibson
Bemjamingibson@live.com

Michael Mosley
mmosley@arml.org

Thomas N. Kieklak
tkieklak@arkansaslaw.com

                                          /s/  Paul Charton